United States District Court
Southern District of Texas
**ENTERED**
September 16, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

PRASETYA KOESOEMADINATA, §
§
*Plaintiff*, §
§
v. § CIVIL ACTION H-19-01921
§
KEVIN MCALEENAN, in his Capacity as §
Acting Secretary of the U.S. Department of §
Homeland Security, §
§
*Defendant*. §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed b Kevin McAleenan, Acting Secretary

of the Department of Homeland Security ("DHS"). Dkt. 9. Having considered the complaint on file,

the motion, the response, and the applicable law, the court is of the opinion that the motion should

be GRANTED.

**I. BACKGROUND**

Plaintiff Prasetya Koesoemadinata, a native and citizen of Indonesia, filed an application to

become a lawful permanent resident of the United States on February 26, 2016. Dkt. 1. On May 13,

2018, while the application was still pending, Koesoemadinata entered into a Pre-Trial Intervention

Program Agreement with the County Attorney of Liberty County, Texas. *Id.* The agreement notes

that Koesoemadinata was alleged to have committed three possession of controlled substance

violations. *Id.* & Exs. However, under the agreement, the County Attorney agreed to defer

prosecution of the alleged offenses until May 2, 2019, if Koesoemadinata followed and completed

the terms of the pre-trial intervention program. Dkt. 1, Ex. 2. If Koesoemadinata successfully

completed the terms, the County Attorney agreed to decline to prosecute at the conclusion of the

agreement. *Id.* The term concluded on May 2, 2019, the Assistant County Attorney for Liberty County, Texas, moved to dismiss because Koesoemadinata successfully completed the program, and the court entered a judgment of dismissal. Dkt. 1, Ex. 3.

In the interim, on February 26, 2019, the United States Citizenship and Immigration Services ("USCIS") denied Koesoemadinata's application to register for permanent residence or adjust status (form I-485). Dkt. 1, Ex. 1. Koesoemadinata appealed that denial, and USCIS determined that Koesoemadinata's confession of guilt for the purposes of his pre-trial intervention program agreement was the same as a conviction for immigration purposes and rendered him inadmissible under the Immigration and Nationality Act § 212(a)(2)(A)(i)(II) and thus not qualified for adjustment of status. *Id.*

Koesoemadinata filed his complaint in this court on May 28, 2019. Dkt. 1. He contends that the court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), because his complaint raises a question of law and not discretion, and pursuant to § 447 of the Administrative Procedures Act. *Id.* He contends that a "conviction" for immigration purposes requires a confession of guilt and an imposition of some penalty or restraint of liberty by a judge, and he did not confess guilt in front of a judge before participating in the pre-trial diversion program. *Id.* He thus contends that USCIS erroneously concluded that he was inadmissible.[1]

DHS moves for dismissal of Koesoemadinata's complaint, arguing that (1) the court does not have subject matter jurisdiction because he can reassert the alleged errors with regard to his

---

[1] The complaint Koesoemadinata filed is only three pages long and cuts off in the middle of the "statement of the law." *See* Dkt. 1. It does not contain a causes of action section. *See id.* The court ordered Koesoemadinata to file a complete version of his complaint on or before September 11, 2019, if he would like the court to consider the entire complaint when it was reviewing the motion to dismiss. Dkt. 11. Koesoemadinata did not file the correct version before September 11 and still has not filed a complete complaint.

2

application when USCIS files removal proceedings; (2) Koesoemadinata has thus also failed to exhaust administrative remedies; and (3) Koesoemadinata does not state a claim for which relief may be granted because his pretrial intervention agreement, which had to be approved by a judge as a matter of Texas law, qualifies as a "conviction" under the Immigration and Nationality Act.  Dkt. 9.

Koesoemadinata argues that the possibility of appealing his application during removal proceedings is closed to him unless and until USCIS initiates removal proceedings and, since he has no direct line of appeal with regard to denial of his status, he could be forever held in limbo. Dkt. 10.  He contends that there was no judicial admission of guilt when he entered into the agreement and that if there was no approval by a judge it cannot constitute a "conviction" under the Immigration and Nationality Act.  *Id.*  He thus asks the court to reverse the decision denying his lawful permanent residence application.  *Id.*

## II. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and may only adjudicate claims if jurisdiction is conferred by statute.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  Under Federal Rule of Civil Procedure 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.  *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The party asserting federal jurisdiction bears the burden of demonstrating that jurisdiction is proper. *Stockman*, 138 F.3d at 151.

Koesoemadinata contends the court has jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and § 557 of the Administrative Procedures Act.  Section 1252(a)(2)(D) provides that subparagraphs (B) and (C) of §1252(a)(2) should not be construed to preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals* in

accordance with this section." § 1252(a)(2)(D) (emphasis added). Subsections (A), (B), and (C) list specific types of claims for which judicial review is not allowed. *See* § 1252(a)(2)(A)–(C).

Under 5 U.S.C. § 704, "[a]gency action[s] made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." A court may set aside an agency determination if it finds the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The court, however, must apply *Chevron* deference when considering questions implicating the agency's construction of the statute it administers. *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 424, 119 S. Ct. 1439 (1999) (citing *Chevron U.S.A. Inc. v. Nat, Res. Def. Council, Inc.*, 467 U.S. 837, 842, 104 S. Ct. 2778 (1984)).

The U.S. Supreme Court has "recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" *Id.* at 425 (quoting *INS v. Abudu*, 485 U.S. 94, 110, 108 S. Ct. 904 (1988)). In applying *Chevron*, the court must first determine whether "Congress has directly spoken to the precise question at issue" and, if not, the court must determine "whether the agency's interpretation is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 842–43. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Id.* at 843–44. These regulations are "given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844. If the delegation is implicit rather than explicit, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.*

4

### III. ANALYSIS

DHS contends that exhaustion of administrative remedies is both statutory and jurisdictional, that federal courts may not review adjustment of status applications by USCIS unless the plaintiff first exhausted his or her administrative remedies, and that district courts lack jurisdiction over USCIS denials of an adjustment of status application. Dkt. 9. They cite primarily *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). In *Cardoso*, three Mexican citizens who illegally entered the United States sought legal permanent resident status. 216 F.3d at 513. They argued that their statuses should be adjusted under the Family Unity Program or some variation thereof and that INS erred in denying their applications. *Id.* at 513–14. They filed their complaint in federal district court seeking declaratory and injunctive relief. *Id.* at 514. The Attorney General filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and argued that the court did not have jurisdiction under 8 U.S.C. § 1252(g). *Id.* The district court dismissed the complaint for lack of jurisdiction and failure to state a claim, and the plaintiffs appealed. *Id.*

Under § 1252(g), "Except as provided in this section and notwithstanding an other provisions of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This section "does not deprive courts of jurisdiction to review 'the universe of deportation claims' but rather applies only to 'three discrete actions that the Attorney General may take: her [or his] "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders."'" *Cardoso*, 216 F.3d at 515 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S. Ct. 836 (1999)). The *Cardoso* plaintiffs asserted that they were not challenging a decision related to removal but were instead challenging the denial of a request to adjust their statuses. *Id.* at 516.

One of the three plaintiffs in *Cardoso*, Aurora Moran, like the plaintiff here, did not face a removal order.  *See id.* at 517.  The Fifth Circuit noted that the court may not review decisions of the Immigration and Naturalization Service unless the plaintiff first exhausted all administrative remedies.  *Id.* at 518 (citing 8 U.S.C. § 1252(d)).  The court upheld the district court's dismissal of Moran's claim, reasoning that although Moran could not directly appeal denial of her status adjustment, "she may, nevertheless, renew her request upon the commencement of removal proceedings."  *Id.* (citing 8 C.F.R. § 245.2(a)(5)(ii) (1999)).  The court held that "[a]s such, Moran has not yet exhausted her administrative remedies and this Court may not exercise jurisdiction."[2] *Id.*

Here, Koesoemadinata argues that he is in limbo unless and until USCIS decides to initiate deportation proceedings.  The court, however, is bound by the Fifth Circuit's case law, and *Cardoso*'s discussion of the Aurora Moran case is directly analogous to Koesoemadinata's situation.  The court lacks jurisdiction because Koesoemadinata must exhaust his administrative remedies, and under *Cardoso* he has not yet done so because he may still challenge the failure to adjust his status if and when USCIS initiates removal proceedings.

Koesoemadinata does not attempt to distinguish *Cardoso* but instead argues that his particular case is "fundamentally unfair" because of the "egregious violation of law here complained of."  Dkt. 10.  He does not, however, provide the court with any authority indicating that it may exercise jurisdiction in a case like this before administrative remedies have been exhausted.

---

[2]  Moran had applied for a status adjustment as a child of a lawful permanent resident prior to her twenty-first birthday.  216 F.3d at 514.  INS did not review her application until after she was twenty-one and determined at that time that she was no longer an eligible child.  *Id.*

6

## IV. CONCLUSION

Because the court lacks jurisdiction, DHS's motion to dismiss is GRANTED.

Koesoemadinata's case is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on September 16, 2019.

Gray H. Miller
Senior United States District Judge